THE CITY OF NEW YORK

**MICHAEL A. CARDOZO**
*Corporation Counsel*

## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**MARK MUSCHENHEIM**
Phone (212) 442-0573
Fax (212) 791-9714

January 31, 2008

> The pre-motion conference requirement is waived. The time to answer or move is extended to March 3, 2008. To the extent the motion to dismiss relies on any facts or documents outside the complaint, it must be brought in the alternative as a motion for summary judgment and must comply with the rules regarding such motions. Obviously, the motion must not rely on any facts that could potentially be the subject of any dispute or request for discovery.
>
> SO ORDERED. DATE: 2/1/2008
> GABRIEL W. GORENSTEIN
> UNITED STATES MAGISTRATE JUDGE

**By Overnight Mail**

Honorable Gabriel W. Gorenstein
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re: David A. Taylor v. City of New York Dep't of Housing Pres. & Dev. et al., 08CV0150 (JSR)

Dear Judge Gorenstein:

    This office represents the City of New York defendants ("City defendants") in the above-referenced action. As an initial matter, Jacqueline Hui is the Assistant Corporation Counsel assigned to this case under my supervision, but I am writing on her behalf because she is not yet admitted to the Court. I write to request a pre-motion conference with the Court regarding City defendants' anticipated motion to dismiss plaintiff's *pro se* complaint. In addition, City defendants respectfully request that their time to answer the complaint be stayed pending resolution of their motion to dismiss.

    Plaintiff's claims arise from a 1998 demolition of a building at 894 Eagle Avenue, Bronx, New York (the "subject building") pursuant to a New York City Department of Buildings emergency declaration issued in accordance with New York City Administrative Code §§ 26-235 and 26-243; plaintiff contends that he was the owner of the subject building. Plaintiff asserts a variety of constitutional claims premised on 42 U.S.C. § 1983. For Section 1983 actions, the applicable statute of limitations requires claims to be brought within three years. Since plaintiff brings this action almost ten years after his claim arose, he is clearly barred by the statute of limitations.

    Moreover, to the extent that plaintiff is seeking non-monetary injunctive relief, plaintiff is barred by *res judicata* from bringing such claims since they could have been raised in the New York State Article 78 proceeding he brought against the City defendants on May 17, 2002. David A. Taylor v. New York City Dep't of Hous. Pres. & Dev., Index No. 18562/02