UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
DAVID A. TAYLOR,                                    :

                Plaintiff,          :

    -v.-                                            :

CITY OF NEW YORK DEPARTMENT OF      :
HOUSING PRESERVATION AND
DEVELOPMENT, et al.,                          :

                Defendants.        :
---------------------------------------------------------------X

08 Civ. 150 (JSR) (GWG)

REPORT AND RECOMMENDATION

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

David Taylor brings this action pro se, pursuant to 42 U.S.C. § 1983, against the City of New York Department of Housing Preservation and Development ("HPD"), the City of New York Department of Buildings ("DOB"), the New York City Department of Finance, and the City of New York Department of Environmental Protection seeking relief based on the demolition in 1998 of a building he owned in the Bronx. The defendants have moved for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the defendants' motion should be granted.

I.    BACKGROUND

For purposes of this motion, we assume that the facts contained in the complaint are true.

    A.    Demolition of 894 Eagle Avenue

In 1979, Taylor bought a building in the Bronx known as 894 Eagle Avenue ("the building") from the United States Department of Housing and Urban Development. See Bargain and Sale Deed, dated Sept. 11, 1979 (annexed as Ex. A of Ex. B to Complaint, filed Jan. 8, 2008 (Docket # 1) ("Compl.")) ("Deed"). The building had already been the subject of a "U.B." or

unsafe building violation issued by DOB in 1974.  See Emergency Declaration Form, dated May 11, 1998 (annexed as Ex. B of Ex. B to Compl.) ("Emerg. Decl.").  In 1983, a survey of the property was done and HPD requested DOB action.  Id.  On May 11, 1998, a DOB Inspector inspected the building and wrote the following in his report:

> Due to deterioration entire roof beams, interior ceiling, floor and partition has collapsed from roof level down to 2nd story.  Leaving free standing exterior wall, and bricks work at south west with vertical crack and pulling away and in danger of collapse[.]  REMEDY: Provide protection to public – Demolish Building.

Id.  The building was demolished the following day.  Compl. ¶ III.C.  Taylor alleges that he was not informed that a demolition was required.  Id.  Taylor attaches a DOB letter dated May 11, 1998 informing him of the need to repair or demolish the building immediately and containing a warning that, if he failed to do so, the City would perform the work.  See Letter from DOB, dated May 11, 1998 (annexed as Ex. C of Ex. B to Compl.).  Taylor has made a note on the copy of the letter he attached to his complaint, however, that it was "never sent," and that he "found" it at the DOB's office on Arthur Avenue in the Bronx.  Id.

On May 17, 2002, Taylor filed an Article 78 proceeding against HPD in Bronx County Supreme Court challenging the demolition.  See Notice of Petition, dated May 17, 2002, in Taylor v. N.Y. City Dep't of Housing, No. 18562-02 (N.Y. Sup. Ct., Bronx Co.) (annexed as Ex. B to Compl.) ("Article 78 Petition").  His petition was dismissed on March 31, 2003 as time-barred by N.Y.C.P.L.R. § 217.  See Decision and Order, dated Mar. 31, 2003, in Taylor v. N.Y. City Dep't of Housing, No. 18562-02 (N.Y. Sup. Ct., Bronx Co.) (annexed as Ex. B to Compl.) ("Article 78 Decision").[1]

---

[1] Taylor's affidavit also contains allegations to the effect that DOB has confused 894 Eagle Avenue with 892 Eagle Avenue.  See Affidavit of David A. Taylor in Support of

B.  Remaining Claims and Requests for Relief

Taylor also alleges that "the water board" has sent him

> false charges of approximately [$] 20,000.00 . . . for service from 1979 to 1998, [but that] "the tap" which provides service was destroyed prior to 1979 (date of purchase of premises)[.] [N]o service was possible – yet – defendant(s) continued to bill and charge for water and sewage service, that did not exist[.]

Compl. ¶ III.C. Taylor did not attach any of the water bills to his complaint or provide any further facts regarding the alleged erroneous billing. In fact, the section of Taylor's complaint alleging the "false charges" refers to exhibit A of the complaint, see Compl. ¶ III.C, which is a current bill from the Department of Finance. See Quarterly Statement of Account, payment due date Oct. 1, 2007 (annexed as Ex. A to Compl.). The bill does not relate to water charges. It includes charges for "emergency repair" in the amount of approximately $100,000. Id. It also includes current charges for property taxes on "vacant land" for $83.19. Id. This statement also reflects that Taylor has paid the current amount due for property taxes but that he has not paid the remainder of the bill. See id. Taylor does not mention the water bills in the section labeled "Relief" in this complaint. See Compl. ¶ V.

While Taylor attached the bills for property taxes and "emergency repairs" to his complaint, he does not mention these bills in the body of the complaint. In his affidavit in opposition to the defendant's motion, however, he indicates that he is challenging the City's current attempts to collect these charges. See Taylor Aff. at 2. He also attaches two more recent

---

Plaintiff[']s Motion to Deny Dismissal and Compel Discovery, filed Mar. 10, 2008 (Docket # 7) ("Taylor Aff."), at 2. He alludes to the fact that the deed attached to the complaint for 894 Eagle Avenue lists its block number as 2627, see Deed, while the report recommending that the building be demolished lists its block number as 2677, see Emerg. Decl. Taylor appears to allege that the DOB confused 892 Eagle Avenue with his building at 894 Eagle Avenue, and demolished the wrong building. See Taylor Aff. at 2.

3

bills from the Department of Finance to his affidavit.  See Quarterly Statement of Account, payment due date Jan. 2, 2008 (annexed as Ex. 1 to Taylor Aff.); Quarterly Statement of Account, payment due date Apr. 1, 2008 (annexed as Ex. 3 to Taylor Aff.).

For relief, Taylor asks for damages for the loss of the building and the property contained in the building at the time of demolition, and he also demands that his building be rebuilt. Compl. ¶ V.

II.     APPLICABLE LAW

A party may move for judgment pursuant to Fed. R. Civ. P. 12(b)(6) where the opposing party has "fail[ed] to state a claim upon which relief can be granted."  Separately, Fed. R. Civ. P. 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Under this rule, a complaint "must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'"  Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 237 (2d Cir. 2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

Nonetheless, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations, internal quotation marks, and brackets omitted); see also id. at 1966 (pleading must "possess enough heft to show that the pleader is entitled to relief") (citations, internal quotation marks, and brackets omitted).  Thus, "a complaint must allege facts that are not merely consistent with the conclusion that the defendant violated the law, but which actively and plausibly suggest that

4

conclusion." Port Dock & Stone Corp. v. Oldcastle Ne., Inc., 507 F.3d 117, 121 (2d Cir. 2007). Or, as one case puts it, the factual allegations of a complaint must be sufficient to render the claim "plausible." Boykin v. KeyCorp, 521 F.3d 202, 213 (2d Cir. 2008) (citing Iqbal v. Hasty, 490 F.3d 143, 158 (2d Cir. 2007) (emphasis omitted)).

Nonetheless, "[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007); accord Boykin, 521 F.3d at 214; Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). Such complaints are "interpreted 'to raise the strongest arguments that they suggest,'" Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996) (quoting Burgos v. Hopkins, 14 F. 3d 787, 790 (2d Cir. 1994)).

On a motion to dismiss for failure to state a claim, all factual allegations in the complaint are accepted as true. See Swierkiewicz v. Sorema N. A., 534 U.S. 506, 508 n.1 (2002). While a court normally examines only these allegations on a motion to dismiss, "[d]ocuments that are attached to the complaint or incorporated in it by reference are deemed part of the pleading and may be considered." Roth v. Jennings, 489 F.3d 499, 509 (2d Cir. 2007) (citations omitted). In addition, matters of public record, such as court filings, may also be considered on such a motion. See, e.g., Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004) (citations omitted).

III. DISCUSSION

Defendants argue that plaintiff's section 1983 claims are time barred. See Defendants' Memorandum of Law in Support of Their Motion to Dismiss, filed Mar. 4, 2008 (Docket # 6), at 5-6. The Second Circuit has held:

> Where the dates in a complaint show that an action is barred by a statute of
> limitations, a defendant may raise the affirmative defense in a pre-answer motion
> to dismiss. Such a motion is properly treated as a Rule 12(b)(6) motion to dismiss
> for failure to state a claim upon which relief can be granted . . . .

Ghartey v. St. John's Queens Hosp., 869 F.2d 160, 162 (2d Cir. 1989); accord Francis v. Blaikie Group, 372 F. Supp. 2d 741, 743 n.2 (S.D.N.Y. 2005) ("Defenses based on statutes of limitations are properly brought under Rule 12(b)(6) as motions to dismiss for failure to state a claim on which relief can be granted."), aff'd, 177 Fed. Appx. 121 (2d Cir. 2006); Fezzani v. Bear, Sterns & Co., Inc., 384 F. Supp. 2d 618, 630 (S.D.N.Y. 2004) ("it is proper to dismiss claims when it is apparent from the complaint and documents referenced therein that they are barred by the applicable statute of limitations"); In re Gen. Dev. Corp. Bond Litig., 800 F. Supp. 1128, 1135-36 (S.D.N.Y. 1992) (same) (collecting cases), aff'd, Menowitz v. Brown, 991 F.2d 36 (2d Cir. 1993).

In section 1983 actions, "the applicable limitations period is found in the 'general or . . . [state] statute [of limitations] for personal injury actions.'" Ormiston v. Nelson, 117 F.3d 69, 71 (2d Cir. 1997) (quoting Owens v. Okure, 488 U.S. 235, 249-50 (1989)). Accordingly, New York's three-year statute of limitations for "an action to recover damages for a personal injury," N.Y.C.P.L.R. § 214(5), governs section 1983 actions in New York, Ormiston, 117 F.3d at 71. The complaint in this case was filed January 8, 2008. Thus, any claim that accrued prior to January 8, 2005 is time barred.

Federal law determines the date of accrual of a section 1983 claim. Ormiston, 117 F.3d at 71. Section 1983 claims accrue "when the plaintiff knows or has reason to know of the injury which is the basis of his action." Id. (internal quotation marks and citation omitted).

6

Here, Taylor alleges that the events giving rise to his claim for damages took place in May 1998 when the building was inspected and demolished. Taylor alleges that he was not given advance notice of the demolition, see Compl. ¶ III.C, but never suggests that he did not know of the demolition at the time. In any event, he certainly knew of the claims when he brought an Article 78 action in state court in May 2002 complaining of the demolition. See Article 78 Petition. Even using this date, the current complaint, filed on January 8, 2008, is plainly time-barred and must be dismissed.[2]

To the extent Taylor means to assert that any current bills he is receiving violate his constitutional rights, any such claims would have to be dismissed as the Court is unaware of any constitutional provision that bars the City from sending even erroneous bills. Examining the question under the due process clause, it is doubtful that there is a property interest in receiving an accurate invoice from the City. Even if there were such an interest, Taylor is not alleging the unconstitutionality of established state procedures but rather that each bill he is sent bears an incorrect charge. In other words, he is complaining of a "random, unauthorized act" by the City. Hellenic Am. Neighborhood Action Comm. v. City of New York, 101 F.3d 877, 880 (2d Cir. 1996) (citing Hudson v. Palmer, 468 U.S. 517, 532 (1984)), cert. dismissed, 521 U.S. 1140 (1997). In such a situation, the due process clause is satisfied because an Article 78 proceeding under New York law is an adequate post-deprivation remedy. See Hellenic Am. Neighborhood, 101 F.3d at 881.

Conclusion

---

[2] The same is true for the claim regarding "false charges" from the "water board" inasmuch as it is alleged that these charges occurred between 1979 and 1998.

The defendants' motion to dismiss (Docket # 5) should be granted and plaintiff's cross-motion to "deny dismissal" (Docket #7) should be denied. Judgement should be entered dismissing the complaint with prejudice. Leave to replead should not be granted inasmuch as the defects in the complaint are so fundamental that repleading would be "futile." O'Hara v. Weeks Marine, Inc., 294 F.3d 55, 69 (2d Cir. 2002); accord Henneberry v. Sumitomo Corp. of Am., 532 F. Supp. 2d 523, 531 (S.D.N.Y. 2007).

## PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have ten (10) days from service of this Report and Recommendation to serve and file any objections. See also Fed. R. Civ. P. 6(a), (e). Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. Jed S. Rakoff, and to the undersigned, at 500 Pearl Street, New York, New York 10007. Any request for an extension of time to file objections must be directed to Judge Rakoff. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985).

Dated: June 19 2008
      New York, New York

                                                                  GABRIEL W. GORENSTEIN
                                                                  United States Magistrate Judge

Copies sent to:

David A. Taylor
P.O. Box 498
Bronx, NY 10451

Mark Muschenhein
Assistant Corporation Counsel
100 Church Street
New York, NY 10007

Hon. Jed S. Rakoff
United States District Judge

The defendants' motion to dismiss (Docket # 5) should be granted and plaintiff's cross-motion to "deny dismissal" (Docket #7) should be denied. Judgement should be entered dismissing the complaint with prejudice. Leave to replead should not be granted inasmuch as the defects in the complaint are so fundamental that repleading would be "futile." O'Hara v. Weeks Marine, Inc., 294 F.3d 55, 69 (2d Cir. 2002); accord Henneberry v. Sumitomo Corp. of Am., 532 F. Supp. 2d 523, 531 (S.D.N.Y. 2007).

## PROCEDURE FOR FILING OBJECTIONS TO THIS
## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have ten (10) days from service of this Report and Recommendation to serve and file any objections. See also Fed. R. Civ. P. 6(a), (e). Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. Jed S. Rakoff, and to the undersigned, at 500 Pearl Street, New York, New York 10007. Any request for an extension of time to file objections must be directed to Judge Rakoff. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985).

Dated: June 19, 2008
New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge

Copies sent to:

David A. Taylor
P.O. Box 498
Bronx, NY 10451